UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JAMES LEE BERGMAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:26-cv-00043-JAW |
| | ) | |
| KENNEBEC COUNTY | ) | |
| CORRECTIONAL FACILITY, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff, who is in custody at the Maine State Prison, filed a complaint against the Kennebec County Correctional facility and a transport officer arising out of an incident that allegedly occurred in November 2025.  (Complaint, ECF No. 1.)  In addition to his complaint, Plaintiff filed an application to proceed without prepayment of fees (ECF No. 6), which application the Court granted.  (Order, ECF No. 9.)  In accordance with the statute that governs actions where a plaintiff proceeds without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate.  28 U.S.C. § 1915(e)(2).  Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

After a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

**FACTUAL ALLEGATIONS**

Plaintiff alleges that while he was in custody at the Kennebec County Jail, he was taken to "intake" and then transported to the Riverview Psychiatric Center, even though he told jail personnel that he was not the person that was to be transported to the facility. Plaintiff asserts that prior to transport, jail personnel did not take steps to determine whether he was required to be transported. When he arrived at Riverview, he pleaded with personnel that he was not supposed to be there, and after approximately 15-20 minutes, he was returned to the jail with an apology. Plaintiff alleges that he felt very vulnerable as the result of the experience.

**STANDARD OF REVIEW**

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding pursuant to the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c).

2

The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim", *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

Plaintiff does not cite a federal law or right that he contends was violated by the defendants. To assert an actionable claim, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S.

662, 678 (2009). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even with a liberal reading of Plaintiff's complaint, Plaintiff has not alleged an actionable claim. Accordingly, dismissal is warranted.

## CONCLUSION

For the reasons discussed above, Plaintiff has not alleged sufficient facts to support a cause of action. After a review of Plaintiff's complaint in accordance with 28 U.S.C. §§ 1915 and 1915A, therefore, I recommend the Court dismiss the matter.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of April, 2026.

4