UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JAMES LEE BERGMAN,               )
                                 )
        Plaintiff,               )
        v.                       )          1:26-cv-00043-JAW
                                 )
KENNEBEC COUNTY                  )
CORRECTIONAL FACILITY, et al.    )
                                 )
        Defendants.              )

**ORDER AFFIRMING RECOMMENDED DECISION OVER OBJECTION**

On January 23, 2026, James Lee Bergman filed a civil complaint against the

Kennebec County Correctional Facility (KCCF), Emily Christiansen, the Jail's

Transportation Supervisor, and Deputy Boag, the driver of the transport, alleging

that while he was an inmate at the Kennebec County Correctional Facility, he was

transported by mistake to the Riverview Psychiatric Center, a psychiatric hospital

operated by the Maine Department of Health and Human Services. *Compl.* (ECF No.

1). Mr. Bergman protested that they had the wrong inmate, but Deputy Boag refused

to listen and transported him to Riverview. *Id.* After a brief encounter at Riverview,

the Riverview staff realized that the KCCF had brought the wrong person and Mr.

Bergman was returned to the KCCF. *Id.* Mr. Bergman says he suffered from panic

attacks and was extremely frightened about the mix-up and that the Jail personnel

not only failed to positively identify him but made jokes at his expense. *Id.*

On March 13, 2026, the Magistrate Judge granted Mr. Bergman's motion to

proceed without prepayment of fees and costs. *Order* (ECF No. 9). However, on April

27, 2026, the Magistrate Judge issued a recommended decision pursuant to 28 U.S.C. § 1915A(b) in which he recommended that the Court dismiss the complaint because Mr. Bergman had failed to allege an actionable claim. *Recommended Decision After Review of Pl.'s Compl.* (ECF No. 14). On May 14, 2026, Mr. Bergman objected to the Recommended Decision, reiterating the factual basis for his lawsuit. *Obj. to Recommended Decision* (ECF No. 15).

Although Mr. Bergman was upset by the mix-up at the KCCF, the law does not provide a remedy for every conceivable governmental mistake, and Mr. Bergman has failed to identify any basis for the Court to conclude that the law allows him to maintain a lawsuit in this circumstance. As the Magistrate Judge noted, his complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Recommended Decision* at 3-4 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), and Mr. Bergman's complaint does not pass legal muster. The Court must, therefore, affirm the Magistrate Judge's Recommended Decision over Mr. Bergman's objection.

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record. Having made a de novo determination of "disputed portions of the report and recommendation," the Court affirms the Recommended Decision of the Magistrate Judge over Mr. Bergman's objections and dismisses the case. *United States v. J.C.D.*, 861 F.3d 1, 6 (1st Cir. 2017). Thus, consistent with the Magistrate Judge's recommendation and for the same reasons set forth in the recommended decision and further explained herein, the Court AFFIRMS

2

Recommended Decision After Review of Plaintiff's Complaint (ECF No. 14) and DISMISSES James Lee Bergman's Complaint (ECF No. 1).

 SO ORDERED.

       <u>/s/ John A. Woodcock, Jr.</u>
       JOHN A. WOODCOCK, JR.
       UNITED STATES DISTRICT JUDGE

Dated this 15th day of May, 2026